**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | Civil Action No. 12-2603 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Steve Hickman
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

**SIMANDLE**, Chief Judge:

Petitioner Steve Hickman, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner is a federal prisoner serving an aggregate 300-month term of imprisonment, pursuant to his conviction in the United States District Court for the Eastern District of North Carolina on various drug offenses.  See United States v. Hickman, Criminal No. 93-0144 (E.D.N.C.).

Petitioner asserts that he suffers from a skin condition on his legs, which has been diagnosed as "lichenoid dermatitis" consistent with lichen planus, and that he also suffers from acne on his face.  Petitioner asserts that prison officials referred him to an outside dermatologist who prescribed certain medications that were refused because they were non-formulary medications; instead, U.S. Bureau of Prisons ("BOP") medical staff prescribed other medications.  Petitioner asserts that the other medications are not effective.

Petitioner asserts that the refusal to treat with the prescribed non-formulary medication amounts to cruel an unusual punishment in violation of the Eighth Amendment.  He seeks an

order compelling Respondent to provide the prescribed medication. As an alternative remedy, Petitioner seeks release.[2]

Petitioner has attached to the Petition copies of his administrative remedies with respect to his dispute regarding the refusal to treat with the non-formulary medications.  At each level of administrative review, Petitioner requested as relief only the prescribed medications.  It does not appear that Petitioner has pursued any administrative remedies with respect to his request for release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[2] Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he requested release to home confinement because of the same dispute regarding the efficacy of medical care for his skin condition.  That petition was dismissed without prejudice for failure to exhaust administrative remedies as to the claim for release to home confinement.  See Hickman v. Zickefoose, Civil No. 11-7566 (JBS) (D.N.J.).  Petitioner did not appeal.

3

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

A.   The Request for an Order Compelling Medication

To the extent Petitioner seeks an order compelling Respondent to provide the prescribed non-formulary medication, this Court lacks jurisdiction in habeas corpus to consider the request for relief.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74

(2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy."  Woodall, 432 F.3d at 237.  To the extent a prisoner challenges his conditions

5

of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas" -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  See also Bonadonna v. United States, 446 Fed.Appx. 407 (3d Cir. 2011) (District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)). Accordingly, this Court lacks jurisdiction in habeas to issue an order for medical treatment, as requested by Petitioner.

B.   The Request for Release as an Alternate Remedy

As an alternative, Petitioner requests that this Court order him released because of the BOP's failure to provide the prescribed treatment for his skin condition.  As noted above, however, Petitioner has failed to pursue any administrative remedies with respect to his claim for release.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241,

challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the Bureau of Prisons Administrative Remedy Program is a multi-tier process that is available to inmates

7

confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[3] Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Here, Petitioner did pursue his administrative remedies with respect to the denial of the non-formulary medications. However, as noted above, the denial of the request for a particular

---

[3] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

medication is not reviewable in habeas.  Nowhere, moreover, did Petitioner request release in connection with his administrative remedies.  The claim of entitlement to release for failure to provide the non-formulary medication, presented by the alternative claim for relief, has not been exhausted.

The Bureau of Prisons has procedures for requesting compassionate release as well as criteria for home confinement for serious medical conditions.  See In re Morris, 345 Fed.Appx. 796 (3d Cir. 2009) (citing 28 C.F.R. § 571.60 et seq. and BOP Program Statement 7320.01: Home Confinement).  See also 18 U.S.C. § 3582(c)(1)(A) (modification of sentence for extraordinary circumstances upon motion of the Director of the Bureau of Prisons); 18 U.S.C. § 4205(g) (same).  Petitioner did not pursue these remedies.  Certainly, the claim of entitlement to release for treatment of a medical condition is the type of claim that would benefit from the development of a factual record through exhaustion of administrative remedies.

Nor has Petitioner alleged any facts that otherwise would permit the Court to find that exhaustion of administrative remedies would be futile.  Accordingly, insofar as the Petition seeks an order for immediate release, this Court will dismiss the Petition for failure to exhaust administrative remedies seeking release due to his allegedly untreatable medical condition.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    Chief Judge
                                    United States District Court

Dated:   **March 4, 2013**